Mr. Ronald A. Mowrey Wakulla County Attorney 515 North Adams Street Tallahassee, Florida 32301-1111
Dear Mr. Mowrey:
You have asked for my opinion on substantially the following questions:
1. Is a county authorized to use proceeds of the local government infrastructure surtax levied and collected pursuant to section 212.055(2), Florida Statutes, for the purchase of a computer system specifically designed for a particular county office?
2. Is a county authorized to use proceeds of the local government infrastructure surtax to pay the costs of developing such a computer system?
Initially, I would note that this office concluded in Attorney General's Opinion 2000-06 that section 212.055(2), Florida Statutes, requires that a general description of the projects to be funded by a local government infrastructure surtax must be placed on the ballot to approve the imposition of the surtax. Revenues from the surtax must be expended on projects that fall within the general description contained on the ballot.
Your questions are related and will be discussed together.
Section 212.055(2), Florida Statutes, authorizes local governments, including counties, to levy a discretionary sales surtax pursuant to an ordinance enacted by the members of the county governing body and approved by a majority of the county electors voting in a referendum on the surtax. The statute specifically addresses the purposes for which the surtax may be expended. Subsection (2)(d)1. states:
"1. The proceeds of the surtax authorized by this subsection and any interest accrued thereto shall be expended by the school district or within the county and municipalities within the county, or, in the case of a negotiated joint county agreement, within another county, to finance, plan, and construct infrastructure and to acquire land for public recreation or conservation or protection of natural resources and to finance the closure of county-owned or municipally owned solid waste landfills that are already closed or are required to close by order of the Department of Environmental Protection. . . . Neither the proceeds nor any interest accrued thereto shall be used for operational expenses of any infrastructure. . . . Counties, as defined in s. 125.011(1), and charter counties may, in addition, use the proceeds and any interest accrued thereto to retire or service indebtedness incurred for bonds issued prior to July 1, 1987, for infrastructure purposes, and for bonds subsequently issued to refund such bonds. . . .
2. For the purposes of this paragraph, "infrastructure" means:
a. Any fixed capital expenditure or fixed capital outlay associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto.
b. A fire department vehicle, an emergency medical service vehicle, a sheriff's office vehicle, a police department vehicle, or any other vehicle, and such equipment necessary to outfit the vehicle for its official use or equipment that has a life expectancy of at least 5 years."
The terms "fixed capital expenditure" and "fixed capital outlay" are not defined for purposes of this section. Although the terms are not defined in Chapter 212, Florida Statutes, the term "[f]ixed capital outlay" is defined in Chapter 216, the statutory chapter that relates to state planning and budgeting. Pursuant to section 216.011(1)(p), Florida Statutes, a "[f]ixed capital outlay" is
"the appropriation category used to fund real property (land, buildings, including appurtenances, fixtures and fixed equipment, structures, etc.), including additions, replacements, major repairs, and renovations to real property which materially extend its useful life or materially improve or change its functional use and including furniture and equipment necessary to furnish and operate a new or improved facility. . . ."
An "[e]xpenditure" is defined in section 216.011(1)(m), Florida Statutes, to mean "the creation or incurring of a legal obligation to disburse money."
In the absence of a definition of these terms for purposes of Chapter 212, Florida Statutes, a common understanding or definition of the component parts of these phrases may also be useful in determining their scope.[1] The term "fixed" is generally understood to mean something that is securely placed or established.[2] "Fixed capital" has been defined to mean the capital invested in fixed assets (land, buildings, machinery)[3] or capital that is durable in character (such as buildings and machinery) and can be used over an extended period of time.[4]
A computer system designed specifically for the work of a particular county office would appear to be in the nature of a "fixed asset" as equipment or machinery that would come within the scope of the term "infrastructure." As discussed above, section 212.055(2)(d)2.a., Florida Statutes, authorizes the use of surtax proceeds for "[a]ny fixed capital expenditure or fixed capital outlay associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years. . . ." "Fixed capital" is understood to mean the capital invested in fixed assets, which include machinery, or capital that is durable in character, such as machinery that can be used over an extended period of time. In order to satisfy the requirements of the statute, any such equipment or machinery purchased with infrastructure surtax proceeds must have a life expectancy of five years or longer. It is the extended economic life of these items for use in the operations of the county office that qualifies them for purchase with these particular funds. This office has been provided no information about the type of equipment being considered for purchase, nor can this office resolve any factual question about the life expectancy of particular equipment. However, I would note that the Internal Revenue Service currently allows the depreciation of computers purchased for business purposes over a 5-year period.[5]
Thus, it is my opinion that a county is not authorized to expend local government infrastructure surtax funds collected pursuant to section212.055(2), Florida Statutes, for the purchase of a computer system specifically designed to facilitate performance of the duties and responsibilities of a particular county office such as the property appraiser's office, unless the life expectancy of this equipment is five years or longer. You have also asked whether local government infrastructure surtax funds may be used to "develop" the computer system considered in your first question. Neither the development of software for use in a computer system nor the plan for configuration of particular component parts of such a system would appear to qualify as infrastructure within the definition of the term in section212.055(2)(d)2., Florida Statutes, as they qualify as neither a "fixed capital expenditure" nor a "fixed capital outlay." Section 212.055(2)(d)1., Florida Statutes, specifically states that "[n]either the proceeds nor any interest accrued thereto shall be used for operational expenses of any infrastructure[.]" Payment for the development of a computer system would appear to be in the nature of payment for operational expenses prohibited by this provision.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning. See,Southeastern Fisheries Association, Inc. v. Department of NaturalResources, 453 So.2d 1351 (Fla. 1984).
[2] See, Webster's Third New International Dictionary "Fixed" 861 (unabridged ed. 1981); 36A C.J.S. "Fix" 583 ("Fixed" has been interpreted to mean established, firm, fastened, finally determined upon, immovable, securely placed).
[3] See, Black's Law Dictionary "Fixed capital" 574 (5th rev. ed. 1979).
[4] See, Webster's Third New International Dictionary "Fixed capital" 861 (unabridged ed. 1981).
[5] Department of the Treasury, Internal Revenue Service, Publication 946, "How to Depreciate Property", pp. 27 and 29.